UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CASE NOS. 3:18-CR-89 RLM |
| | ) | 3:18-CR-113 RLM |
| JUNIE CEPEDA IBARRA | ) | |

OPINION AND ORDER

Junie Cepeda Ibarra believes she is going to die very soon and asks for an order of compassionate release so she can pass among loved ones rather than in prison. The government opposes her request.

Both sides agree that Ms. Ibarra suffers from chronic severe pulmonary arterial hypertension, congestive heart failure, and difficulty breathing. Dr. David Duncan, who oversaw her medical care at FCI Dublin, believed in December 2021 that Ms. Ibarra had less than nine months to live, and recommended that the Bureau of Prisons grant her request for compassionate release. Dr. Elizabete Stahl, the Medical Director for the BOP's Central Office of the Health Services Division, reviewed and disagreed with Dr. Duncan's evaluation and recommendation. She concluded that Ms. Ibarra doesn't have the sort of end-of-life indicators for a prognosis of terminal. Dr. Stahl recommended reconsidering the request for compassionate release after "all treatment options have been exhausted and there is evidence of further disease progression and physical debilitation". [Doc. No. 72 in 3:18cr89][Doc No. 48 in 3:18cr113].

The Bureau of Prisons followed Dr. Stahl's recommendations by denying Ms. Ibarra's request for compassionate release and transferring Ms. Ibarra to the Carswell Federal Medical Center in Fort Worth, Texas. The government agrees that Ms. Ibarra has exhausted her administrative remedies and that her petition for an order of compassionate release is properly before this court.

An inmate bears the burden of proving that compassionate release under 18 U.S.C. § 3582(c)(1)(A) is appropriate. United States v. Newton, 996 F.3d 485, 488 (7th Cir. 2021). This record provides the court with no basis to find Dr. Duncan more likely than Dr. Stahl to be correct about how long Ms. Ibarra might live. The doctors described and weighed facts differently and came to different conclusions about Ms. Ibarra's probable life expectancy. Dr. Duncan had the advantage of personal observation as the person directly in charge of Ms. Ibarra's care when he made his report, but by virtue of the order of the events, Dr. Stahl had the advantage of considering Dr. Duncan's opinion, while the reverse wasn't true.

This record doesn't allow this court to find that Ms. Ibarra's life expectancy is less than eighteen months, or any other duration short enough to allow immediate release under 18 U.S.C. § 3582(c)(1)(A). For that reason and that reason alone, the court denies her petition for compassionate release.

For the sake of any reviewing court, the court adds these findings, while emphasizing they are not the basis of the court's ruling: Ms. Ibarra is 51 years old

and a little more than a quarter of the way through a 151-month sentence. Her anticipated release date is about seven years off. She was sentenced for possession with intent to distribute methamphetamine, possession of stolen mail, wire fraud, and aggravated identity theft. She has a long record of similar conduct, and embarked on these crimes barely two months after being released on parole. The physical ailments she has today were present (though less severe) at her sentencing in January 2019, when the court found she posed a significantly higher risk of future crime than most defendants do. Ms. Ibarra experienced a case of COVID-19 in prison and is now fully vaccinated against it.

Because the court doesn't find that Ms. Ibarra's life expectancy is short enough to warrant immediate release, the court denies her petition for compassionate release [Doc. No. 62 in 3:18cr89][Doc. No. 38 in 3:18cr113].

SO ORDERED.

ENTERED:   February 8, 2022

/s/ Robert L. Miller, Jr.
Judge
United States District Court

3